Wm. F. Wilson and Hugh F. Sullivan, executors, etc., of Mary E. Wilson, (late Mary Elizabeth Theresa Ott) deceased, and Martha J. Wilson, assignee of the said William F. Wilson and Hugh F. Sullivan, executors, etc., as aforesaid, Appellants, *v.* Jacob Ott and Jeremiah J. Ott, mortgagors and terre tenants, if any.

*Equity—Correction of mistake of law.*

The equity that affords a complete defence to an unjust claim will not always authorize or support an action for money voluntarily paid in satisfaction of it, nor will a distribution be disregarded or set aside to the prejudice of a party who has in good faith acted upon it: Good v. Kerr, 7 W. & S. 253, and Rogers v. Ingham, L. R., 3 Ch. Div. 351.

*Equity—Deed—Mortgage—Mistake as to grantor's title.*

Where a grantee in a deed gives a mortgage for the whole value of the land granted upon other land, under the mistaken belief that the grantor, as recited in the deed, owns the land in fee, and it turns out that the grantor only had a life estate, the grantee will not be compelled to pay, in a suit upon the mortgage, more than the value of the life estate. Such a case comes within the rule that in an action for the purchase money of land the vendee may set up as a defense to it a defect in or failure of title in whole or in part.

*Mortgage—Assignment—Defenses—Estoppel.*

The assignee of a mortgage holds it subject to all the equities with which it was affected in the hands of the mortgagee, and if he claims to be a purchaser for value, he must not only show this affirmatively, but must also show, in order to recover, acts or declarations of the mortgagor by which the mortgagor is estopped from interposing, as against the assignee, his equitable defense.

*Equity—Laches—Mortgage—Mistake in title.*

Where a mortgage is given in payment for land under a mistake as to the extent of the grantor's title, and the mistake is not discovered by the mortgagor until suit is brought upon the mortgage, laches will not be imputed to him.

*Mortgage—Attorneys' commissions—Mistake as to title.*

The attorney's commission in a mortgage is in the nature of a penalty, and its enforcement is a matter within the control of the court in the exercise of its equity powers.

Such a commission will not be allowed on a purchase money mortgage where the title failed as to a greater part of the land, and the main contention in foreclosure proceedings upon the mortgage is to recover the purchase money on the part that had failed.

Argued Feb. 15, 1895.   Appeal, No. 273, Jan. T., 1895, by plaintiffs, from judgment of C. P. Delaware Co., June T., 1892, No. 109, on verdict for plaintiffs.   Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Scire facias sur mortgage.   Before CLAYTON, P. J.

At the trial the parties agreed upon the following facts :

1. That Dennis Kelly died July 21, 1864, leaving among other children one Mary Ott.

2. That Mary Ott (sometimes mentioned as Mary T. Ott) had three children, Jacob Ott, Joseph A. C. Ott, and Jeremiah J. Ott.

3. That Mary T. Ott died January 27, 1892, and was born on the sixteenth day of February, A. D. 1811.

4. That Joseph A. C. Ott intermarried with Mary E. T. Sullivan October 4, 1865, and died October 5, 1867, leaving a will dated November 28, 1866, and probated in Delaware county October 19, 1867, which provided, inter alia, as follows :—

"I give and bequeath unto my beloved wife Mary Elizabeth Theresa Ott all my estate, real and personal and mixed which I now have or hereafter may have, situated in Haverford Township or elsewhere, to hold to her my said wife, her heirs and assigns forever."

5. That at the time of the death of Joseph A. C. Ott his wife Mary E. T. Ott was · enceinte and afterwards gave birth to a child, Joseph A. Ott, who was not provided for in said will, and who died July · 26, 1877, in his minority, intestate, unmarried and without issue.

6. That Mary E. T. Ott afterwards intermarried with William F. Wilson, and died April 28, 1886, leaving a last will and testament, probated in Philadelphia county, wherein she appointed her husband, William F. Wilson, and brother, Hugh F. Sullivan, her lawful executors, and devised her entire estate to them.

7. That William F. Wilson and Hugh F. Sullivan, executors of the last will and testament of Mary E. T. Wilson, by assignment dated the 30th day of January, A. D. 1889, and recorded March 4, 1890, assigned the mortgage for $5,000 declared upon in this suit to Martha J. Wilson "as collateral security for the payment to the said Martha J. Wilson of a loan of $2,500 made by her."   No notice of the assignment was given to the mortgagors.

8. That Mary E. T. Ott (or Mary E. T. Wilson née Sullivan) was born on the 2d day of September, A. D. 1847, and died on the 28th day of April, A. D. 1886.

9. That at the time of the conveyance by Mary E. T. Ott to Jacob Ott and Jeremiah J. Ott, by deed dated January 18, 1879, and recorded in Philadelphia county in Deed Book L. W., No. 1, p. 161, etc., the value of the fee simple interest of Joseph A. C. Ott in the premises therein described being the one undivided third thereof, was agreed by the parties to be $5,000. The consideration for said conveyance stated as passing to Mary E. T. Ott was the execution of the mortgage in suit.

In addition to the facts above agreed upon it appeared that on January, 1879, Mary E. T. Ott and Mary T. Ott executed a deed conveying the land to Jacob Ott and Jeremiah J. Ott for $5,000. In this deed it was recited that the said tract of land and premises became vested in Mary E. T. Ott in fee simple. On the same day that the deed was executed Jeremiah J. Ott and Jacob Ott, the grantees in the deed, executed a mortgage to Mary E. T. Ott for $5,000. The land described in the mortgage was different from that described in the deed.

Other facts appear by the opinion of the Supreme Court.

Plaintiffs' points were among others as follows :

2. If the jury find from the evidence that Mary E. T. Ott only covenanted to convey all her right, title, and interest in the mill property, and the facts are open and fairly set forth in the deed of conveyance as to what that interest was, and the purchasers have not been ousted from the possession of the property conveyed, then there was no failure of the title, and the verdict of the jury must be for the whole amount of plaintiffs' claim. *Answer :* I decline to so charge you. I decline to affirm the balance of these points. [1]

3. If the jury believe that the parties to the deed and mortgage mentioned in this suit, in the execution of these papers acted in good faith, without any concealment of facts by Mary E. T. Ott, and without fraud, then this amounts to a mutual mistake in law, and inadequate or partial failure of consideration is no defense, and the verdict of the jury must be for the plaintiffs. *Answer :* Declined. [2]

6. Under all the evidence in this case, if the jury believe there is nothing more in this case than an honest mistake in law

as to the quantity of the estate owned by Mary E. T. Ott in the mill property, without any fraud or deception practiced on the defendants, then the verdict of the jury must be for the plain-tiffs for the whole amount of their claim. *Answer:* Declined. [3]

7. Under all the evidence in this case the verdict of the jury must be for the plaintiffs for the full amount of their mortgage debts, interest, and costs. *Answer:* Declined. [4]

9. Under all the facts and circumstances of this case the defendants have been guilty of laches in their failure to sooner call in question the validity of the mortgage sued upon. *Answer:* Declined. [5]

10. The defense in this case is in effect an application to reform the mortgage contract in suit, and the defendants relieved from the payment of the amount thereof on the ground of a mistake in the quantity of the title recovered by them under a deed of the same date for which the defendants claim this mortgage was the consideration. As under the admitted facts the mistake was one of law and not of facts, and as the defendants have been guilty of laches in permitting the said mortgage to remain unquestioned for more than thirteen years, and in the meantime the plaintiff Martha J. Wilson became the bona fide holder for value of the same, the defendants cannot now be permitted to make their mistake of law a defense to this mortgage, and the verdict of the jury should be for the plaintiffs for the full amount of their claim. *Answer:* Declined. [6]

The court charged in part as follows :

[The plaintiffs' attorney requested the court to direct the jury to allow attorney's commission as stipulated in the mortgage. The court declined to do so.] [7]

Verdict and judgment for plaintiffs for $2,368.76. Plaintiffs appealed.

*Errors assigned* were (1–7) above instructions, quoting them.

*James M. Beck, O. B. Dickinson, Henry M. Tracy* and *William F. Harrity* with him, for appellants.—A pure mistake of law as to the effect of facts which all the parties to the transaction thoroughly understood, untainted by even the suggestion of fraud, where each of the parties acted at arm's length and

WILSON et al. Appellants, *v.* OTT et al.   257

1896.]                 Arguments.

under the advice of separate counsel learned in the law, will not relieve against and be a ground of defense to this mortgage : Bispham's Principles of Equity, sec. 187 ; Hunt v. Rousmanier, 8 Wheaton, 174 ; Rogers v. Ingham, L. R. 3 Ch. 351 ; Hind v. Holdship, 2 Watts, 104 ; Sykes v. Chadwick, 18 Wall. 141 ; Fish v. Duncan, 83 Pa. 196 ; Kilpatrick v. Strizier, 67 Ga. 247 ; Lowe v. Allen, 68 Ga. 225 ; Cass Co. v. Oldham, 75 Mo. 50 ; Hewitt v. Powers, 84 Ind. 295 ; Kerr on Fraud and Mistake, 436.

Appellees are barred from claiming this equitable relief by their gross laches and by the staleness of their claim : Price's App., 54 Pa. 472.

The court erred in not allowing plaintiffs' commissions in addition to the amount recovered.

*V. Gilpin Robinson*, *A. Lewis Smith* with him, for appellees. —A purchaser may defend against a suit for purchase money, however secured, on the ground of failure of consideration, where the title is defective in whole or in part, and whether the deed has passed or not: Steinhauer v. Whitman, 1 S. & R. 438 ; Hart v. Porter, 5 S. & R. 201 ; Morris v. Buckley, 11 S. & R. 168 ; Poke v. Kelley, 13 S. & R. 165 ; Bingham v. Bingham, 1 Ves. Sr. 126 ; Withers v. Atkinson, 1 Watts, 236 ; Roland v. Miller, 3 W. & S. 390 ; Wolbert v. Lucas, 10 Pa. 73 ; Beaupland v. McKeen, 28 Pa. 124 ; Murphy v. Richardson, 28 Pa. 288 ; Youngman v. Linn, 52 Pa. 413 ; Lloyd v. Farrell, 48 Pa. 73 ; Cross v. Noble, 67 Pa. 74 ; Peck v. Jones, 70 Pa. 83 ; Wilson's App., 109 Pa. 606 ; Goettel v. Sage, 117 Pa. 298 ; Johnson's App., 114 Pa. 132 ; Comegys v. Davidson, 154 Pa. 534 ; Fisk v. Duncan, 83 Pa. 196 ; Good v. Herr, 7 W. & S. 253 ; Hunt v. Moore, 2 Pa. 105 ; Heacock v. Fly, 14 Pa. 519 ; Bishop v. Reed, 3 W. & S. 261.

It is well settled that equity will relieve against a mistake of fact superinduced by a mistake of law : Gross v. Leber, 47 Pa. 520 ; Whelen's App., 70 Pa. 410.

The assignee of a mortgage takes subject to all defenses, unless he inquire of the mortgagor and is told that there are none : Michener v. Cavender, 38 Pa. 336 ; Ernest v. Hoskins, 100 Pa. 551 ; Ashton's App., 73 Pa. 153.

In case of fraud, laches cannot be imputed until the discovery

of the fraud: Mitchell v. Buffington, 10 W. N. C. 361; Price's App., 54 Pa. 472.

What constitutes a stale equity is a vexed question hardly susceptible of an accurate definition. Length of time alone is not a test of staleness: Paschall v. Hinderer, 28 Ohio, 568; 12 Am. & Eng. Ency. of Law, 538; 2 Pomeroy Eq. sec. 849; Williams v. Champion, 6 Ohio, 691.

It is decided in Daly v. Maitland, 88 Pa. 384, that an attorney's commission for collection usually inserted in a mortgage is rather in the nature of a penalty than in liquidation of damages, and may be reduced at the discretion of the court: Lindley v. Ross, 137 Pa. 629: Grim's Est., 147 Pa. 190.

OPINION BY MR. JUSTICE McCOLLUM, January 20, 1896:

We are required to determine on this appeal whether the learned court below erred in limiting the plaintiffs' recovery to the value of the life estate the defendants acquired by the deed from Mary E. T. Ott and Mary T. Ott on the 18th of January, 1879, and in declining to grant the request of the plaintiffs' counsel "to direct the jury to allow attorney's commission as stipulated in the mortgage." In considering the first question we notice that while the defendants obtained by the deed the title their grantors had, they did not acquire by it the fee simple title represented in it as vested in Mary E. T. Ott. The representation to which we refer is the assertion by the grantors in their deed of a title in her which she did not have. It is said, and it may be true, that the assertion was based on a misapprehension of the legal effect of the previously recited facts, but it is nevertheless a circumstance entitled to some consideration in the decision of the case. The $5,000 for which the mortgage in suit was given was the price the defendants agreed to pay Mary E. T. Ott for a fee simple title to the property, subject only to the life estate which Mary T. Ott had in it. It appears now that Mary E. T. Ott had only a life estate in it subject to the life estate of Mary T. Ott, and that the value thereof as ascertained by the jury was less than one fourth of the sum for which the mortgage was given. It is clear therefore that if the defendants are held liable for the whole sum they must pay upwards of $4,000 for what they bargained for and did not get, although the mortgagee professed to have it and to convey it

to them.   The effort of the plaintiffs to recover the whole sum is, under the circumstances, so obviously unjust, that we naturally inquire whether the law will sustain them in it.   They claim that the parties to the deed, at the time of the execution of it, knew or ought to have known that each grantor had a life estate in the property described in it, and that the fee of the same was in their grantees.   They say that the recitals in it which preceded the representation or assertion to which attention has been called, were notice to the grantors and grantees of the true state of the title, and their mutual understanding and belief that the fee was vested in Mary E. T. Ott was based on a mistake of law which furnishes to the party injured by it no ground for relief in equity.   They contend also that if the facts in the case would have warranted the intervention of equity in a suit by the mortgagee, the laches of the defendants in appealing to it, and the assignment of the mortgage by her executors, as collateral security for a debt, constitute a bar to the defense now interposed.

In support of their contention that a mistake of law affords no basis for equitable relief the plaintiffs cite Good v. Herr, 7 W. & S. 253, as the leading case on the subject in Pennsylvania. In the case cited there was a distribution of a fund secured by recognizance, and the parties receiving it, believing that the distribution was in accordance with the law, executed acquittances for their respective shares in it.   Afterwards, one of them brought suit on the recognizance, claiming that the distribution was made under a mistake of law, in consequence of which he received less than he was entitled to.   It was held that although his claim was well founded in fact he could not recover.   The question in Good v. Herr was quite like the question in Rogers v. Ingham, L. R. 3 Ch. Div. 351, which the plaintiffs also cite as authority for their contention.   In the case last mentioned, an executor acting on the advice of counsel on the construction of a will, proposed to divide, in certain proportions, a fund between two legatees.   One of the legatees being dissatisfied took the opinion of counsel which agreed with the opinion on which the executor's proposal was based, and the fund was divided in accordance with it.   Two years afterwards the dissatisfied legatee filed a bill against the executor and the other legatee, alleging that the will had been wrongly construed, and claiming

repayment. It was held that the suit could not be maintained, but the power of the court to relieve against mistakes of law as well as against mistakes of fact was conceded. The opinion in Rogers v. Ingham contains a reference to Bingham v. Bingham, 1 Vesey, Sen. 126, but does not antagonize or qualify the principle on which it was decided. In that case the plaintiff, under a mistake of law, bought and paid for his own land, but he was allowed to recover the money so paid, on the ground that he had not the consideration for which he bargained. It will be noticed. that in Good v. Herr and in Rogers v. Ingham the dissatisfied distributee was seeking to recover money paid with his consent, and that there were circumstances which rendered his demand inequitable. The equity that affords a complete defense to an unjust claim will not always authorize or support an action for money voluntarily paid in satisfaction of it, nor will a distribution be disregarded or set aside to the prejudice of a party who has, in good faith, acted upon it. The other cases cited by the plaintiffs as pertinent to this branch of their contention do not appear to us as affording any material support to it, or as requiring special consideration. In Hunt v. Rousmanier's Administrators, 8 Wheaton, 174, there was a misconception by the parties of the legal effect of a power of attorney intended by them as security for a loan. It was held by the circuit court of Rhode Island that their misconception afforded no ground for relief, as it was a mistake of law, but on appeal from that court to the Supreme Court of the United States the judgment was reversed in an opinion by Chief Justice MARSHALL who said : " Although we do not find the naked principle that relief may be granted on account of ignorance of law, asserted in the books, we find no case in which it has been decided that a plain and acknowledged mistake in law is beyond the reach of equity. . . . We find no case which we think precisely in point; and are unwilling where the effect of the instrument is acknowledged to have been entirely misunderstood by both parties, to say, that a court of equity is incapable of affording relief." In Sykes v. Chadwick, 18 Wallace, 141, it was held that the plaintiffs' release was, under the circumstances of the case, a good consideration for the promise she was seeking to enforce.

We have now referred to all the cases cited by the plaint-

iffs to sustain their principal contention, and none of them can be justly regarded as decisive of any question involved in the case we are considering. Two of them, as we have seen, were for the recovery of money voluntarily paid under a mistake of law, one of them was a suit for the reformation of an instrument executed precisely as the parties intended it should be, and the other was an action upon a promise supported by a valid consideration.

In 15 Am. & Eng. Ency. of Law, 744, it is said: "It will be seen by reviewing the authorities cited in the notes that the general rule that equity will not correct a mistake of law has been so greatly modified that considerable doubt seems to exist as to whether it can now be called a general rule." In an able article in 23 Am. Jur. 146, on the subject of mistakes of law, the author says: "On the whole, in view of all the cases on the subject, of the language used in them, and the circumstances under which it was used, we cannot but regard the actual preponderance of authority as unequivocally in favor of the doctrine that mistakes of law may afford good cause for relief." The excerpt from the Encyclopedia presents a conclusion which we think is fairly deducible from a review of the cases to which it refers, and the excerpt from the article in the Jurist appears to be in substantial accord with it. As they are based on a review of the cases involving a consideration of the effect of a mistake of law they are worthy of notice as showing the trend of judicial thought on the subject, and the reluctance of the courts to sanction gross injustice under the claim that equity will not relieve against such a mistake.

In Peters v. Florence, 38 Pa. 194, it appears to have been regarded as an open question in this state whether " equity will or will not relieve against an act done in mistake of title growing out of ignorance of the law," but in Whelen's Appeal, 70 Pa. 410, the principle, that "when a party has acted under a misconception or ignorance of his title, and has executed an agreement or conveyance to his prejudice he will be relieved in equity," was expressly sanctioned. In Goettel v. Sage, 117 Pa. 298, the grantors and grantee believed that the former had a valid title to the land sold and so did the latter's counsel who, on the request of his client, examined the records for the purpose of ascertaining in whom the title was vested. It was dis-

covered, afterwards, that the grantors had no title to the land, and in their suit on the grantee's bond for the purchase money he was allowed to set up their mutual mistake as to the title as a defense. In Heacock v. Fly, 14 Pa. 540, a vendor accepted from a married woman her bond and mortgage for part of the purchase money of land conveyed to a trustee for her separate use. It was held that equity would rescind the contract and allow the vendor to recover the land on his paying to the feme covert the part of the purchase money paid by her. The parties to the transaction were alike familiar with all the facts affecting it, and they mutually supposed that the bond and mortgage were a valid security for the unpaid purchase money, but in this they were mistaken. It was said by the court that they "were led into error by the conveyancer," and that justice required "that the contract should be rescinded," but there was no better warrant for saying so in that case than there is in this. In Gross et al. v. Leber, 47 Pa. 520, the defendants executed a bond as trustees in the belief that it was their legal duty to do so, but they were relieved from liability upon it on the ground that it was based on a mistake of law. There was no fraud or undue influence in either of the three cases last cited.

There is a long line of cases in Pennsylvania to the effect that in an action for the purchase money of land the vendee may set up as a defense to it a defect in or failure of title in whole or in part. This is such an action. The consideration of so much of the mortgage as is now in dispute was the fee simple in remainder which the vendor in her deed represented she had, and professed to convey. It now appears as already stated, that at the time of the transaction the vendor had only a life estate in the land subject to the life estate of Mary T. Ott in it, and that the fee, subject to these estates, was vested in the vendees. There was no dispute between the parties to the transaction and no element of compromise in it. The plaintiffs have, by the verdict, the full value of the estate the defendants acquired by the mortgagee's deed, and their claim for more is unconscionable. As the defendants received nothing for the unpaid portion of the purchase money it ought not to be exacted from them. In view of the decisions of this court to which we have referred, of the well settled rule in regard to

defenses in actions for the purchase money of land, and of the unwarranted assertion by the grantors in respect to the title we cannot say that the learned court below erred in limiting the plaintiff's recovery to the value of the life estate in Mary E. T. Ott.

Nearly three years after the death of Mary E. T. Ott the mortgage was assigned by her executors to Martha J. Wilson as collateral security for a loan of $2,500, made by her, but when, to whom, or for whose benefit it was made, and whether all or any portion of it has been repaid, does not appear. The assignment was made more than a year before it was recorded, and no notice of it was given to the defendants. It is now claimed, but it is not established by agreement of the parties or by evidence, that the assignee of the mortgage is a purchaser of it for value without notice of any defense to it, and that while the mortgagors may have an equity available as a defense in a suit by the mortgagee or her executors, it cannot prevail in this action to her use. The burden of showing that she is such a purchaser lies on her, and when she has shown that she is, she must also show, in order to sustain this branch of her contention, acts or declarations of the mortgagors by which they are estopped from interposing, as against her, their equitable defense. The principle that the assignee of a mortgage holds it subject to all the equities with which it was affected in the hands of the mortgagee is so well settled and understood that a citation of the decisions which sustain it is unnecessary. It is not claimed that the defendants in this case have said or done anything which estops them from interposing the defense we have considered, but it is said they ought not to have equitable relief because of their delay in demanding it. But we think that, as there is no evidence that they knew of the actual state of the title before this suit was brought, they are not chargeable with laches which bars their defense.

This suit was brought and prosecuted for the whole amount of the mortgage. The plaintiffs, on the first trial of it, made no attempt to show the value of the life estate of Mary E. T. Ott, and, as a matter of fact, the defendants realized nothing from it because she died before the termination of the prior life estate in the land. On the second trial the right of the plaintiffs to have the value of the life estate was conceded and some

evidence was given to assist the jury in ascertaining what it was worth, but the real contention, as before, related to the claim of the plaintiffs to that part of the mortgage for which there was no consideration. In view of the nature of the contest and the special circumstances of the case, we think there was no error in the refusal of the court "to direct the jury to allow attorney's commission as stipulated in the mortgage." It is now settled that such commission is in the nature of a penalty, and its enforcement is a matter within the control of the court in the exercise of its equity powers : Daly v. Maitland, 88 Pa. 384, and Lindley v. Ross, 137 Pa. 629.

The specifications of error are overruled and the judgment is affirmed.