# Price *v.* Shultz, Appellant.

*Real estate—Sales of—Title — Failure of title — Judgments — Purchase money—Petition to open—Equitable relief.*

On a petition to open judgment, entered on a promissory note given for the purchase of real estate, it appeared that the plaintiff sold the property in question, composed of three lots, and that the title to one of the lots was based on an illegal conveyance by a married woman, not properly acknowledged according to the requirements of the Act of April 11, 1848, P. L. 536, in force at the time of the intended conveyance. It was also proven that a certain receipt duly attested had been recorded which the vendee's attorney regarded as sufficient, and that both parties were mutually mistaken as to the validity of the paper title. It was admitted that the title to the real estate was defective, and that an ejectment suit was pending against the vendee.

In such case, while ignorance or mistake of law with a full knowledge of the facts is not per se grounds for equitable relief—equity will intervene to prevent injustice and open the judgment and permit the purchaser to set up and undertake to establish a defense.

Argued October 28, 1924. Appeal, No. 71, Oct. T., 1924, by defendant, from judgment of C. P. Centre Co., Dec. T., 1922, No. 8, discharging rule to open judgment in the case of Mildred M. Price v. W. W. Shultz. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Rule to open judgment. Before QUIGLEY, P. J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendant appealed.

*Error assigned* was the decree of the court.

*W. D. Zerby,* and with him *Ellis L. Orvis,* for appellant.

*John Blanchard,* and with him *Kline Woodring,* for appellee.

OPINION BY GAWTHROP, J., February 27, 1925:

On October 27, 1920, the plaintiff,. by deed with a covenant of special warranty, conveyed to the defendant lots No. 107, 109 and 111 on the town plot of Port Matilda, Pa. Of the consideration $500 was paid at the time the deed was delivered and the balance of $1,500 was secured to the plaintiff by a promissory note dated October 30, 1920, on which she entered judgment by confession on September 22, 1922. On June 8, 1923, a writ of fieri facias was issued on the judgment. On June 16, 1923, the defendant filed a petition to open the judgment on the ground of a total failure of consideration because the plaintiff had no right or title to the land conveyed. This appeal is from the order discharging a rule to show cause why the judgment should not be opened.

The material facts are not in dispute. On July 28, 1870, Susan E. Price, the wife of A. S. Price, signed the following writing:

"Port Matilda, July 28th, 1870. Received of A. S. Price, Thirty Dollars lawful money of the United States in full for lot No. 107 in the Town plot of Port Matilda, provided he build a dwelling house on said lot for us to live in as long as we live, unless otherwise disposed of.
"Witness                          "Susan E. Price.
  "J. G. Jones
 ·  "Edward Beckwith."

A. S. Price built the house mentioned in the receipt, and between 1870 and 1874 he and his family moved into it

and continued to reside there until March 28, 1918, when the premises bound by the judgment, being lots No. 107, 109 and 111, were conveyed by A. S. Price to his second wife, Mildred M. Price, the plaintiff. Susan E. Price had died in 1889. On October 27, 1920, the plaintiff conveyed the same premises to the defendant. This deed recites the receipt signed by Susan E. Price under date of July 28, 1870. When the defendant decided to buy the property, he requested an attorney of the Centre County Bar to examine the title. The attorney made the search and could find no record of the title in A. S. Price. He conferred with the plaintiff's counsel about the matter, and that attorney showed him the receipt of July 28, 1870, signed by Susan E. Price. At the request of defendant's attorney, the attorney for the plaintiff furnished two affidavits as to the authenticity of the signatures of J. G. Jones and Edward Beckwith, the witnesses to the receipt, and also affidavits of two persons to the effect that A. S. Price had erected the house mentioned in the receipt of Susan E. Price. When these affidavits were furnished to the defendant's attorney and recorded, he was satisfied that the title of the plaintiff was marketable. He testified as a witness called by the defendant that the defendant had full knowledge that the title of A. S. Price for lot No. 107 depended upon the receipt of July 28, 1870, and that he informed him that he could find no record title of lots No. 109 and 111 in A. S. Price, but that they had been in the possession of A. S. Price and his successors for forty years and upwards. There was no concealment, deceit, misrepresentation or fraud by the plaintiff as to the title. The defendant accepted it upon the advice of his attorney, with full knowledge of all the facts. He knew also that Susan E. Price's heirs claimed that the property belonged to them. He is in possession and collecting the rents. Although there is nothing in the record to disclose it, we learned from the appellee's history of the case that the heirs of Susan E. Price have instituted a suit in ejectment

against the plaintiff for the three lots. The consideration of $2,000 was substantially what the three lots were worth when the defendant bought them. Lots No. 109 and 111 were not worth more than $250.

The learned counsel for the appellee frankly concede that the attempted agreement of Susan E. Price, a married woman, to sell her land was invalid, because it was not separately acknowledged by her as required by the Act of April 11, 1848, P. L. 536, and that no estoppel arose against her so as to validate a contract of sale not duly executed, by reason of the fact that her vendee had paid the purchase money and entered into possession and made valuable improvements. (Glidden v. Strupler, 52 Pa. 400.) It follows that as to lot No. 107 there was a failure of title in the plaintiff, her only claim thereto being grounded on the Susan E. Price agreement. The appellant seems to concede that the plaintiff's title to lots No. 109 and 111 was good by adverse possession. No question is raised as to it.

The only question before us is whether under the facts the failure of title to lot No. 107 can avail the defendant. In the leading case of Steinhauer v. Witman, 1 S. & R. 437, 441, the rule of law is declared to be that a purchaser of land who has not paid is relieved in a case of eviction or manifest failure of consideration. That was a suit upon a purchase-money mortgage and the mortgagor was permitted to prove that he had been evicted from a part of the premises by a paramount title. In Cross v. Noble, 67 Pa. 74, 78, Judge Sharswood says: "The doctrine of Steinhauer v. Witman is, that if the consideration money has not been paid, the purchaser, unless it plainly appear that he has agreed to run the risk of the title, may defend himself in an action for the purchase money, by showing that the title was defective, either in whole or in part, whether there was a covenant of general warranty or of the right to convey or quiet enjoyment by the vendor, or not." This is such an action. The consideration for so much of the judgment as rep-

resents the value of lot No. 107 and the buildings thereon was the title to lot No. 107. It being conceded, as it must be under the evidence, that the plaintiff had no title whatever thereto, which she could transfer to the defendant, it is clear that if the judgment is not opened the defendant must pay for what he bargained for and never got, although the plaintiff professed to have it and to convey it to him. The effort of the plaintiff to recover the whole amount of the judgment is so obviously unjust that we must inquire whether the law will sustain her in it. This is not the case of a grantee accepting a conveyance of a property and giving his obligation for a part of the purchase price with knowledge of a defect in the title. In such a case under familiar decisions he cannot withhold any part of the purchase price on account of the defect, unless he has taken a covenant against it. It is a case in which the grant was accepted under a mistake of law as to the effect of the paper title of the grantor. The rule of law of this Commonwealth is that, "In no case is ignorance or mistake of the law with a full knowledge of the facts, per se a ground for equitable relief": Norris v. Crowl, 206 Pa. 438. That was a case of pure ignorance of the law and in which there was no serious hardship to be relieved against. But in the opinion Mr. Justice DEAN concedes that the trend of decisions in our State has been to multiply the exceptions to the rule, citing, Heacock v. Fly, 14 Pa. 540; Peters v. Florence, 38 Pa. 194; Gross v. Leber, 47 Pa. 520; Whelen's App., 70 Pa. 410; Goettel v. Sage, 117 Pa. 298; and Wilson v. Ott, 173 Pa. 253, in all of which he states there were circumstances of great hardship resulting from the ignorance. Wilson v. Ott, supra, was referred to as a "hard" case in which, if the contract had been enforced according to law the defendants would have been compelled to pay $4,000 for a title they did not get, "a case of gross hardship clearly constituting it an exception to the rule." That able jurist continued: "If the evidence shows, that in addition there would be

great hardship in enforcing the contract made in ignorance of the law, equity may afford relief." In Goettel v. Sage, supra, the grantors and grantee believed that the former had a valid title to the land sold and so did the grantee's counsel who, on the request of his client, examined the records for the purpose of learning in whom the title was vested. It was discovered, afterwards, that the grantors had no title to the land, and in their suit on the grantee's bond for the purchase money he was allowed to set up their mutual mistake as to the title as a defense. There was no fraud in the case. We have examined most, if not all of the cases decided by our Supreme Court involving this question and have found none in which relief against a gross injustice resulting from an innocent mistake of law has not been granted where it could be done without doing injustice to others, this upon the fundamental principle of equity that no one shall be allowed to enrich himself unjustly at the expense of another by reason of an innocent mistake of law, entertained by both parties. While relief against a mistake of law was refused in Clark v. Lehigh & W. B. Coal Co., 250 Pa. 304, the opinion states that the court was dealing with a mistake of law pure and simple, unaided by any special circumstance or equitable consideration which should move a chancellor to grant relief. Shields v. Hitchman, 251 Pa. 455, was likewise void of circumstances calling for relief against a mistake of law.

We think that the present case is governed by the principle enunciated in the cases which are examples of the exception to the doctrine of the maxim "Ignorantia legis neminem excusat." It is impossible to read the testimony without coming to the conclusion that the plaintiff, as well as the defendant and his counsel, regarded the paper title as giving a fee to the plaintiff. That they were mutually mistaken is equally clear. The injustice resulting from refusing to open the judgment would be as great as in any of the cases in which our

Supreme Court has made an exception to the general rule governing mistakes of law.  We have given full consideration to the argument of the able counsel for the appellee and have examined all of the authorities upon which they rely.  The cases cited by them sustain the principle that failure of title affords no defense in an action on a purchase-money obligation where the vendee buys with full knowledge of the defect in the title and takes the risk thereof.  But that principle is inapplicable here because the vendee did not know of the defect.  While it has been held that where the defendant continues to hold possession and the equitable defense of failure of title is relied upon he must offer to show "the title he had accepted was positively bad, and that there was a superior and indisputable title in another person asserting such title," (Bradford v. Potts, 9 Pa. 37; Ludwick v. Huntzinger, 5. W. & S. 51, 58; Little v. Thropp, 245 Pa. 539, 547) it will be observed that here the proceeding is to open the judgment and let the defendant make his defense.  We think that the admitted failure of title to the valuable part of the land, with the admitted fact that an ejectment suit is pending against him are sufficient to permit him to set up and undertake to establish a defense.  In that proceeding the sufficiency of his allegations and proofs can be determined.

The order discharging the rule is reversed and the rule is reinstated, with directions to open the judgment and let the defendant into a defense.