## Smiley *v.* Kadar et ux., Appellants.

Argued November 18, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, WATKINS, and MONTGOMERY, JJ. (ERVIN, J., absent).

*Gregg H. Lewellyn,* with him *Wade K. Newell,* for appellants.

*Samuel J. Feigus,* for appellee.

OPINION BY MONTGOMERY, J., December 14, 1960:

This appeal is from the refusal of appellants' petition to open a judgment entered against them by con-

fession. The petition recited that:

(a) Laura Smiley held a judgment lien for $4,-961.31 against all real estate owned by E. B. Provance at 293 December Term, 1952.

(b) Appellants purchased from E. B. Provance on or about September 16, 1955, a tract of real estate and timber thereon represented by Provance to contain 330 acres in area for $4,000.00 payable $1,000.00 in cash and a judgment note for $3,000.00 payable to Provance.

(c) Quoting from appellee's brief since the record was not printed in this case, "That after a title examination revealed the original plaintiff's judgment lien, it was arranged by all the parties that in consideration of her release of said judgment lien against the premises being sold, the appellants would execute and deliver *said* Three Thousand ($3,000.00) Dollar note to said Laura A. Smiley, due and payable in three (3) years from date thereof;" (Emphasis added)

(d) After taking possession of the premises conveyed as aforesaid, appellants discovered that there was a deficiency of 83.4942 acres in area representing two-thirds of the timber, said deficiency representing $2,-500.00 of the purchase price of land and timber.

Had Provance taken the $3,000.00 note as part of the consideration for the sale of the 300 acres of land and had there been a deficiency of 83 (plus) acres, the purchasers, not having paid the full purchase price and no one else being involved, would have had the right of asserting their defense of deficiency to the claim on the note, although the mistake as to the title to the 83 acres was a mutual mistake of law. *Price v. Shultz*, 85 Pa. Superior Ct. 78.

Under those same circumstances, an assignee of the note would have held it subject to the same defenses as existed against the assignor. *Fidelity Trust Company v. Gardiner*, 191 Pa. Superior Ct. 17, 155 A. 2d 405, and cases cited therein.

What was the status of Mrs. Smiley? Was she an assignee or a party in direct contractual relations with appellants?

The "petition to open" recites that she accepted "said $3,000.00 note," referring of course to the note which appellants had agreed to give to Provance. The petition further recites that she accepted same under an arrangement between all the parties, which included Provance.

At this state of the proceedings, in the absence of an answer or depositions, we may consider only the allegations of the petition. They seem to clearly mean that, in order to secure a release of the property that he was selling from the judgment held by Mrs. Smiley, Provance authorized and directed appellants to make out to the order of Mrs. Smiley the note which was originally intended to be made to his order, and that Mrs. Smiley agreed to this arrangement. There is no indication that appellants paid to Mrs. Smiley a separate consideration for her release of the judgment. What they gave to her was what they were obligated to give Provance under their contract with him to buy his 330 acres of land.

This situation is similar to that which was considered by this Court in the recent case of *Snyder v. Town Hill Motors, Inc.*, 193 Pa. Superior Ct. 578, 165 A. 2d 293, wherein the consideration (a note) due Rhea from Snyder was, at Rhea's direction, delivered directly from Snyder to Town Hill Motors, Inc., with whom Snyder had no contractual relations. Therein we held that there had been a constructive delivery of the note from Snyder to Rhea and then to Town Hill Motors, Inc., although there had been no manual delivery from Snyder to Rhea.

In our present case Provance's claim for the balance of the purchase money for the land, intended to be evidenced and secured by the judgment note for

$3,000.00, is what in fact was assigned to Mrs. Smiley. However, the security was made payable directly to Mrs. Smiley instead of to Provance.

We must, therefore, conclude that under the allegations of the petition, Mrs. Smiley, as well as her husband, the use-plaintiff to whom she assigned the note in question and who is described as the attorney for Provance, held same as assignees of Provance. Were it otherwise, appellants would not only owe Mrs. Smiley $3,000.00 on the note but might still be obligated to Provance on the sales contract. Should this not be the true factual situation, an answer to the petition should be filed denying this allegation and asserting the true situation and the matter then proceed from there.

Although the opening of judgments is generally within the discretion of the lower court, we think that in refusing a rule on appellants' petition in this case, it abused that privilege.

Order reversed and the record remanded, with direction to issue a rule to show cause why the judgment should not be opened.

WRIGHT, J., would affirm on the opinion of the lower court.