## Clapp et al., Appellants, *v.* Hoffman.

*Sale—Mistake—Equity—Ground rents.*

Defendant owned a ground rent which she thought was irredeemable. She gave it to her son to deliver to an auctioneer to be sold. The son believing the ground rent to be irredeemable, so represented it to the auctioneer, and it was advertised and sold as irredeemable. Plaintiff's decedent bought the ground rent as an irredeemable one, relying upon defendant's representations. After the purchase plaintiff took the title papers to a title company who issued a title policy of insurance in which the ground rent was insured as being irredeemable. Settlement was then made and the money was received and afterwards invested by defendant. *Held,* that plaintiff had no standing in equity to have the contract of sale set aside.

Argued Jan. 17, 1894. Appeal, No. 87, Jan. T., 1894, by plaintiffs, Sarah R. Clapp et al., as executors of Nathan Clapp, deceased, and individually, et al., from decree of C. P. No. 4, Philadelphia Co., Sept. T., 1892, No. 762, dismissing bill in equity against defendant, Phœbe W. Hoffman. Before STERRETT, C. J., GREEN, MCCOLLUM, MITCHELL and FELL, JJ.

Bill in equity to set aside contract of sale.

The case was referred to Isaac D. Yocum, Esq., as master, who reported as follows:

" The facts in this case are undisputed, and the master finds them to be as follows: The defendant, Phœbe W. Hoffman, had been for many years the owner of a yearly ground rent of seventy-two dollars which issued out of premises situate on the south side of Lombard street, at the distance of one hundred and eighty feet eastward from the east side of Twelfth street, in the city of Philadelphia. This ground rent was always considered by the defendant and her family to be irredeemable. Edward F. Hoffman, Esq., a member of this bar, a son of the defendant, noticing that irredeemable ground rents were selling at fifty per cent premium, called what he termed a family council, to consider the propriety of selling this ground rent. At this council there were present Edward F. Hoffman, Esq., his two brothers, and his mother, the defendant. She then gave her three sons authority to sell the ground rent whenever

they thought best so to do. Some time after this the sons decided to sell the ground rent, and it was arranged that Edward F. Hoffman, Esq., should take the ground rent deed around to Thomas & Sons, auctioneers, and make arrangements about the sale. He did so, and told the clerk whom he saw that he wanted the ground rent sold at the next sale.

" He admitted in his testimony that he told the clerk that the ground rent was irredeemable. The ground rent was advertised by Thomas & Sons, as an irredeemable ground rent to be sold May 7, 1889, and was sold on that day, as an irredeemable ground rent, to Nathan T. Clapp, for the sum of $1,800.

" A short time afterwards the papers were delivered to the Land Title and Trust Company for the purpose of having the title insured. It appears from the papers produced by that company, that the original application was made for insurance to the amount of $1,200 only. This amount was afterwards changed and increased to $2,000, and a policy was issued by the said company to Nathan T. Clapp in the sum of $2,000, in which the ground rent was insured as being irredeemable.

" Nathan T. Clapp died December 30, 1891. In January, 1892, B. Frank Clapp, Esq., one of the plaintiffs, had occasion to examine the papers relating to the ground rent in question and found that the ground rent was redeemable. Mr. Clapp at once communicated this fact to the Land Title and Trust Company. Mrs. Hoffman, the defendant, was then communicated with, and certain verbal and written communications were had and passed between the defendant, represented by her son, Edward F. Hoffman, Esq., the Land Title and Trust Company, and B. Frank Clapp, Esq. . The defendant was asked to rescind the sale and return the $1,800 to plaintiffs, the ground rent to be reconveyed to her. This she declined to do, saying that, as she had invested the money arising from the sale, she could not return it without a loss. Finally, on September 19, 1892, a deed was executed by the plaintiffs for the ground rent in question, and tendered to the defendant, and a demand was made for the return of the $1,800, which was declined and refused by the defendant.

Subsequently, on October 31, 1892, the present bill was filed, in which plaintiffs ask that the deed from the defendant to

them may be canceled, and that the bargain and sale of which it is the evidence be rescinded, and that the defendant pay to the plaintiffs the sum of $1,800, upon their lodging with the clerk of the court a deed from them to her in fee simple of the said ground rent. It was proven, by testimony which was not contradicted, that the ground rent in question, being redeemable, was not worth over $1,200. These are all the facts in the case, and the question to be decided is: Under the facts, are the plaintiffs entitled to the relief they ask for? The master is of opinion that they are not, for at least two reasons:

"1. In this case no bad faith or willful misrepresentation is charged. No such charges could be sustained. The defendant had what she always considered was an irredeemable ground rent, but which was redeemable. In this belief she was confirmed by her son, Edward F. Hoffman, Esq., a reputable and highly respected member of this bar. Honestly thinking the ground rent to be irredeemable, she sold it at a public sale to plaintiffs' decedent, Nathan T. Clapp, who undoubtedly bought it as an irredeemable ground rent, upon the strength of the defendant's representations. Mr. Clapp, after the purchase, took the title papers to the Land Title and Trust Company, a company organized for the purpose of examining and insuring titles. This company, after, presumptively, the fullest examination, confirmed the defendant's belief that the ground rent was irredeemable, and issued to Mr. Clapp a policy of title insurance, in which the ground rent is insured as being irredeemable. Settlement was made, and the money was received and afterwards invested by the defendant.

"The present case is, therefore, a case in which, after the purchase, no reliance is placed in the representations made by the seller prior to the purchase. On the contrary the purchaser seeks the advice of, and pays for the examination by, a company especially organized for the purpose of examining and insuring titles. No harm was done the plaintiff's decedent by the misrepresentations honestly made by the defendants, for he placed no reliance on them.

"The Master of the Rolls says, in Clapham v. Shillito, 7 Beavan, 146: 'Cases have frequently occurred in which, upon entering into contracts, misrepresentations made by one party have not been, in any degree, relied on by the other party. If

the party to whom the representations were made, himself resorted to the proper means of verification before he entered into the contract, it may appear that he relied upon the result of his own investigation and inquiry, and not upon the representations made to him by the other party.'

" In this case the contract is closed and the defendant has invested the proceeds of the sale, and she is now asked, after a lapse of four years, to cancel the contract and return the money. If she is compelled to do this, it will be at a considerable loss to her. The master is of opinion that it would be inequitable to compel her to do it.

" 2. The master is of opinion that the mistake in this case is a mistake of law. Whether a ground rent is redeemable or not, is certainly a question of law. The mistake then being one of law, equity will not grant any relief. The master does not deem it necessary to cite many cases in support of this proposition, as he understood the learned counsel for the plaintiffs to admit that if the mistake was one of law, that they were not entitled to the relief prayed for.

" If any authorities are necessary to support the master, they can be found in Rankin v. Mortimer, 7 Watts, 372; McAninch v. Laughlin, 13 Pa. 371, and the later cases.

" The master is therefore of opinion that the plaintiffs' bill should be dismissed with costs, and he recommends a decree to that effect."

Exceptions to the master's report were overruled by the court, and a decree entered dismissing the bill.

*Errors assigned* were (1) dismissal of exceptions; (2) confirmation of report, etc.

*E. Hunn Hanson, D. Russell Nuttall* with him, for appellants, cited: Story's Eq. Juris. §§ 140, 142; Hitchcock v. Giddings, Daniell, 1; Mays v. Dwight, 82 Pa. 462; Trexler v. Fisher, 130 Pa. 275; Paine v. Upton, 87 N. Y. 327.

*John G. Johnson,* for appellee, not heard, cited: Atlantic Delaine Co. v. James, 94 U. S. 207; Susquehanna v. Swank, 102 Pa. 18; Kreiter v. Bomberger, 82 Pa. 63; Griswold v. Gebbie, 126 Pa. 365; McCandless v. Young, 96 Pa. 292; Paine

v. Upton, 87 N. Y. 327; Clapham v. Shillito, 7 Beav. 146; Kennedy v. Panama, 2 L. R. (Q. B. C.) 580; McAninch v. Laughlin, 13 Pa. 371; Gross v. Leber, 47 Pa. 520; Rankin v. Mortimere, 7 Watts, 372; Rogers v. Ingham, 3 L. R. Ch. Div. 355; Peters v. Florence, 38 Pa. 194.

PER CURIAM, January 29, 1894:

The propriety and correctness of the learned master's recommendation, that the bill in this case be dismissed, are amply vindicated in his report. The sale of the ground rent in question was fully executed, by delivery of deed therefor and payment in full of the consideration money, more than two years and a half before the bill was filed. There was no intentional misrepresentation as to the quality of the ground rent, nor any fraud in the procurement or in the consummation of the sale thereof. The vendee had ample time and opportunity, before accepting the deed and paying the purchase money, to have ascertained whether the ground rent was irredeemable or not. He satisfied himself as to the goodness of the title, and in the same manner he might have been fully advised as to the quality of the rent. Moreover, the relief prayed for would not have restored the parties to their original position. But it is not our purpose to discuss the questions presented by the record. They have been satisfactorily disposed of by the learned master, and for reasons given in his report we think neither of the specifications of error should be sustained.

Decree affirmed and appeal dismissed with costs to be paid by appellant.