## Miners and Merchants Bank of Nanty-Glo Case.

Argued October 3, 1933. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Llewellyn E. Lloyd,* with him *Shippen Lewis,* Special Deputy Attorney General, and *William A. Schnader,* Attorney General, for appellant.

*Philip N. Shettig,* with him *Arthur A. Nelson,* for appellee.

OPINION BY MR. JUSTICE DREW, November 27, 1933:

Upon the petition of the Diamond National Bank of Pittsburgh, reciting that such a course had been agreed upon, the court below directed the secretary of banking in possession of the Miners and Merchants Bank of Nanty-Glo to pay the Diamond bank the sum of $4,-328.77. Alleging that the petition had been granted without notice to him, the deputy of the secretary of banking in charge of the bank obtained a rule to show cause why the order should not be vacated. After argument, the court discharged the rule, and this appeal followed.

The sum which was ordered to be paid to the Diamond bank represented the principal of a certain nonnegotiable promissory note made by the Board of Supervisors of Blacklick Township in Cambria County, with interest. This note had been executed on August 1, 1930, and was payable four months after date to the order of the Nanty-Glo bank. On October 27, 1930, this institution closed its doors and the secretary of banking took possession, George F. Taylor, Jr., being appointed as special deputy in charge. Prior to that date, the note had been assigned for value to the Diamond bank, no notice of this being given to the makers of the note. At the time the Nanty-Glo bank closed, the supervisors of the township had on deposit with it funds more than sufficient to pay the note, and the bank likewise had on deposit with the Diamond bank an amount in excess of the assigned note. Subsequently Taylor was succeeded by Harold R. Brown as special deputy for the Nanty-Glo bank, but the latter appointed Taylor as his agent to handle this transaction, inasmuch as he was more familiar with the matter.

The Diamond bank claimed to be entitled to retain out of the funds of the Nanty-Glo bank in its hands the amount of the note, but paid to the Nanty-Glo bank the entire amount of its deposit, upon an agreement that if it should be determined that the Diamond bank was not liable to pay over the amount represented by the note, the secretary of banking would return the same. The theory of the contention of the Diamond bank was that, as the note was nonnegotiable and had been assigned without notice to the makers, it was subject to any defenses the latter might have against the Nanty-Glo bank; that, since Blacklick Township had on deposit with the Nanty-Glo bank an amount greater than the sum of the note, there was a valid defense of set-off to any action on the note by the Nanty-Glo bank; and that, as the Nanty-Glo bank in assigning the note had warranted it free from defenses, it was liable to the Diamond bank, its

assignee, for the amount of the note, on the ground of breach of warranty. Thereafter it was agreed between counsel for the Diamond bank and the state banking department, and Taylor for the Nanty-Glo bank, that the Diamond bank should not have paid over to the Nanty-Glo bank the amount of the note. It was pursuant to this agreement that the order now sought to be vacated was obtained. On the same date that this order was made, a stipulation was signed by counsel for the Diamond bank, for Blacklick Township, and for the secretary of banking in possession of the Nanty-Glo bank, cancelling the note by set-off against the township's funds on deposit in the Nanty-Glo bank.

Appellant contends, and petitioner admits, that the agreement between the representatives of the Diamond bank and the department of banking upon which the order of court was based was made under a mutual mistake of law—that it was believed by both parties that Blacklick Township had a valid set-off against the note by reason of its deposit with the Nanty-Glo bank. The agreement was entered into before the filing of our decision in U. S. Bank & Trust Co. Case, 311 Pa. 320, in which it was held, in an analogous situation, that no set-off existed. The result of this situation is, obviously, to destroy the argument on which the claim of the Diamond bank was founded. Since it now appears that the basic premise of the agreement was false, it is earnestly contended that the order made to carry out that agreement must be vacated.

The instant proceeding is, essentially, an attempt to have an agreement or contract of the parties rescinded on the ground of mutual mistake of law. The rule expressed in our cases is that such mistake, or ignorance of the law, is no ground for relief from an agreement entered into fairly and with full knowledge of the facts: Good v. Herr, 7 W. & S. 253; Norris v. Crowe, 206 Pa. 438; Mulholland's Est., 224 Pa. 536; Pa. Stave Co.'s App., 225 Pa. 178; Shields v. Hitchman, 251 Pa. 455.

This doctrine has been strongly criticized. See Williston, Contracts, sections 1581 et seq.; Keener, Quasi-Contracts, 85 et seq.; Woodward, Quasi-Contracts, sections 35 et seq.; 5 Col. L. Rev. 366; 7 Col. L. Rev. 476. However, we are not now called upon to consider the soundness of the strict rule denying relief for a naked mistake of law, for it is fundamental that in order for a contract to be rescinded for this reason, it must be possible to return the parties to the same situation which they occupied before the agreement was entered into. In the words of Mr. Justice MITCHELL, "Equity has so far contented itself with relief in cases of mutual mistake of legal rights where it was possible to restore both parties to statu quo. If that cannot be fully done, equity will not assist one party to unload the burdens on the other": Fink v. Farmers' Bank, 178 Pa. 154. This principle applies exactly to the instant case. As a result of the order sought to be vacated, the note has been discharged by a stipulation assented to by all parties in interest. The effect of this arrangement is to give the township a valid defense to any action which the Diamond bank might bring on the note, and therefore, if the order entered in this case were to be vacated, the Diamond bank would be in the position of having received nothing for the surrender of its right to enforce payment of the note. Appellant does not offer to place petitioner in statu quo, and indeed that cannot be done in this proceeding, for, since Blacklick Township is not a party, no order binding it can be entered. For this reason the appeal must fail.

The order appealed from is affirmed.