## Yocum Estate

*Donald K. Bobb* and *George B. Balmer*, for petitioners.

*Derr, Hawman & Derr*, for respondents.

MUTH, P. J., January 19, 1966.—Joseph S. Pendleton, Jr., and Girard Trust Bank, formerly Girard Trust Corn Exchange Bank, executors of the last will and testament of Mary Yocum Pendleton, deceased, have presented their petition requesting the review of our adjudication in this estate dated December 18, 1961. Petitioners aver that Mary Yocum Pendleton was a life tenant under a testamentary trust created

by said William H. Yocum, deceased. The life tenants of said trust were the four children of decedent, William H. Yocum, and the remaindermen, upon the death of all of said children, as provided for in paragraph seventh of his last will and testament, are his grandchildren.

Petitioners further aver that in our said adjudication, certain stock dividends of less than 6 percent of the stock issue were allocated to principal rather than to income, as determined in Pew Trust, 411 Pa. 96, and that, accordingly, error was committed by the court in awarding such stock dividends to principal.

The Reading Trust Company, trustee under the will of William H. Yocum, deceased, has answered said petition, setting forth that the adjudication of the court was based upon a stipulation and agreement of all the parties in interest or their counsel, and that no error was committed by the court in awarding the dividends to principal because the award was made upon this express stipulation.

Section 721 of the Fiduciaries Act of April 18, 1949, P. L. 512, as amended, provides as follows:

"If any party in interest shall, within five years after the final confirmation of any account of a personal representative, file a petition to review any part of the account, or of an auditor's report, or of the adjudication, or of any decree of distribution, setting forth specifically alleged errors therein, the court shall give such relief as equity and justice shall require: Provided, That this section shall not authorize review as to any property distributed by the personal representative in accordance with a decree of court before the filing of the petition. The court or master considering the petition may include in his adjudication or report findings of fact and of law as to the entire controversy, in pursuance of which a final order may be made".

The right of any party in interest to a review of a fiduciary's account and adjudication thereupon is considered at length in Stotesbury Estate, 387 Pa. 591, wherein the court observed, inter alia, as follows:

"The right of any party in interest to a review of a fiduciary's account, auditor's report, adjudication or decree of distribution within five years after the final confirmation of the account is clear where the petitioner specifically sets forth the errors therein, that right and justice require the granting of the relief sought and that none of the property involved has been distributed by the personal representative in accordance with a decree of court before the filing of the petition: Section 721 of the Fiduciaries Act of 1949, P. L. 512, 20 PS §320.721. . .

"The petitioners are well within the five-year period prescribed by the statute; they aver an error of law in the account and schedule of distribution which allocates to trust corpus money to which they are entitled as apportioned income; that no part of the money to which they thus lay claim has been distributed by the fiduciaries under a decree of the court; and that equity and justice require that the relief prayed for be granted".

There is no question but that the decision in Pew Trust, 411 Pa. 96, came as a surprise to attorneys and fiduciaries and represented a marked change in the law, as was noted in the review of the opinion in said case in the Fiduciary Review for June, 1963, as follows:

"Except for the 6 percent exception to the Principal and Income Acts of 1945 and 1947, the Acts are permitted to stand in all other respects as applicable to trusts created prior to 1945. The rule of the principal case is flatly stated to be 'that as to wills of persons dying before and inter vivos trusts created prior to the effective date of the Principal and Income Act

of 1945, a gift of income or net income included small stock dividends of 6 percent or less, unless the testator or settlor clearly expressed a contrary intent. . .' "

The trustee contends that the court is without power to review its adjudication because of the stipulation aforementioned, and calls to our attention Miners and Merchants Bank of Nanty-Glo Case, 313 Pa. 118, and Villani v. Italian Workingmen Building and Loan Association, 129 Pa. Superior Ct. 330. However, an examination of these decisions discloses that in the former, the principle involved is stated to be that a contract may be rescinded on the ground of a mistake of law if it be possible to return the parties to the same situation which occurred before the agreement was entered into, and in the case of the latter, it was decided that a mutual mistake of law does not affect the enforceability of a contract in the absence of fraud. Neither of these decisions is controlling in the matter before us.

The stipulation in the within matter actually is not a stipulation of fact by the parties in interest or their counsel, but is rather a declaration of the mutual understanding of the state of the law at the time of the audit of the account adjudicated. The fact that counsel for the respective parties were unaware of the change in the law should not deprive the court of its right to review its own adjudication in order to correct an error where the property concerned has not been distributed, but remains in the hands of the accountant: Mathers Estate, 35 D. & C. 2d 250; Taubel Estate (No. 3), 34 D. & C. 2d 653. In both of these instances, the court permitted the review of an adjudication for the limited purpose of reviewing the rights of income beneficiaries to stock dividends of 6 percent or less.

Since the stipulation aforementioned was not a stipulation of fact nor embodied a compromise of con-

tested rights, but rather was a declaration as to the law applicable to the matter before us at the time, the statute, we conclude, clearly permits review of such an adjudication in order to correct any error which may have been made: Sloan's Estate, 254 Pa. 346.

## ORDER

And now, to wit, January 19, 1966, the petition for review of our adjudication of December 18, 1961, is granted, and petitioners are directed to file an appropriate decree and schedule of distribution according to law within a period of 30 days from the date hereof.