## Bowersox v. Ewing

*John R. Moore*, for plaintiffs.

McCLURE, JR., *P.J.*, November 18, 1985—

## STATEMENT OF THE ISSUES

The primary issue in this case may be stated as follows:

"Where a deed of gift conveys real estate to a minor, appoints guardians of the estate and interest conveyed to the minor and grants those guardians absolute and sole authority, discretion and power, without the intervention or approval of any court, to sell and convey such real estate, may the guardians thereafter sell and convey good and marketable or insurable title to such real estate without court intervention or approval?"

Because this primary issue must be answered affirmatively and in favor of plaintiffs', the secondary issue, that of cancellation of the deeds and repayment of the purchase price to plaintiffs, need not be stated or considered.

## STATEMENT OF THE FACTS

The facts of this case, all of which have been admitted by the parties, are as follows:

In the fall of this year, plaintiffs expressed to defendants David R. and Shelley H. Ewing an interest

in those defendants' lot no. 6 of Edgmont in the Village of Kratzerville in Jackson Township, Snyder County, Pa., as a site for a new house plaintiffs desired to build, and were advised that those defendants (presumably for tax reasons) intended to give the lot to their infant daughter, defendant Kasey Lynn Ewing, but were willing to arrange the gift so that the guardians appointed in connection therewith could readily sell and convey good and marketable title to the lot to plaintiffs when plaintiffs' plans were completed and their financing was arranged.

Thereafter, plaintiffs obtained a commitment for a mortgage loan for the purpose of providing some of the funds they needed to purchase the lot and build their house and so advised the defendants David R. Ewing and Shelley H. Ewing.

On October 1, 1985, defendants David R. Ewing and Shelley H. Ewing, by their deed of gift of record in Snyder County Record Book 186 at page 361, granted and conveyed the lot to their infant daughter Kasey Lynn Ewing, appointed her uncle and aunt, defendants Randolph A. Weirman and Nancee A. Weirman, guardians of the estate and interest conveyed to Kasey Lynn Ewing, and granted those guardians absolute and sole authority, discretion and power, without the intervention or approval of any court, to sell and convey the real estate described in the deed.

The next day, the Weirmans, as guardians of the property of the minor defendant, pursuant to the power in the deed of gift wherein they were appointed, agreed to sell and convey good and marketable fee simple absolute title to lot to plaintiffs for a price of $15,000 and executed a deed of bargain and sale for that purpose. On October 8, 1985, plaintiffs paid the price and the deed was delivered and was re-

corded in Snyder County Record Book 186 at page 594.

The adult parties believed that the transactions with respect to the lot were effective to transfer good and marketable or insurable fee simple absolute title to the real estate to plaintiffs without the intervention or approval of any court. And there is no doubt that the transactions were for the best interests of the minor defendant. However, on October 18, 1985, plaintiffs' lender advised plaintiffs that it would not complete the mortgage loan to them, on the grounds that their title to the lot was not insurable because the parents' deed exceeded the legislative intent expressed in 20 Pa. C.S. §5115, relating to appointment of a guardian in a conveyance, and because the guardians' deed had been given without court intervention or approval.

The present controversy then ensued.

## DISCUSSION

The power granted to the guardians by the parents' deed is a naked or collateral power such as is commonly found in powers of appointment, powers of attorney and powers of sale included in contracts, deeds, trusts and wills. Generally, such a power is effective if it is clearly intended by the donor of the power and is executed in strict accordance with its terms. The donee of such a power need have no interest in the property subject to the power. Even a minor who holds such a power may validly execute it. See Restatement Property §§2, 3; 62 Am Jur 2d Powers §§1, 3, 6, 11, 28, 38; 72 C.J.S. Powers §§1 - 7, 9 - 11, 25, 51; and 29 P.L.E. Powers §1, 5, 7, 8.

In the absence of a statute specifically prohibiting a power of sale over real estate owned by a minor, there is no reason why the grant and execution of

the power of sale in this case would not be valid; and the court is not aware of any Pennsylvania statute that prohibits the grant and execution of a power of sale over real estate of a minor. Even section 5155 of the Probate, Estates and Fiduciaries Code, 20 Pa. C.S. §5155, which deals with court approval of sales of real estate of a minor, does not prohibit a private grant of power to sell the minor's real estate without court approval: it simply makes such approval a condition to a sale of real estate by a guardian appointed by the court or a guardian whose powers are not defined in the instrument of his appointment.

No Pennsylvania decision in a case analogous to the present one has been found, but there is no necessity for reliance on decisional law with respect to the power of sale in the present case, for such a power of sale is expressly and plainly authorized by the Probate, Estates and Fiduciaries Code, particularly the following sections thereof:

"§303. Title to real and personal estate of a minor

"Legal title to all real and personal property of a minor shall remain in him, subject, however, to all the powers granted to his guardian by this code and lawfully by a governing instrument and to all orders of the court."

"§5115. Appointment of guardian in conveyance

"Any person, who makes a deed or gift inter vivos . . ., may in such deed or in the instrument creating such gift . . ., appoint a guardian of the estate or interest of each beneficiary named therein who shall be a minor or otherwise incompetent. . . ."

"§5146. Guardian named in conveyance

"(a) In general. — The powers, duties and liabilities of a guardian not appointed by the court as to property of the minor to which his appointment lawfully extends shall be the same as the powers, duties and liabilities of a court appointed guardian,

except as the instrument making the appointment shall provide otherwise."

It is clear from these statutory provisions that, if the guardians of the minor's property in this case were court appointed guardians, their power to sell the minor's real estate would be subject to court approval pursuant to 20 Pa. C.S. §5155; but because they were appointed by the parents' deed and the provisions of the deed differed from those of the statute, their power to sell the minor's real estate was as the deed described it and was not subject to the intervention or approval of any court.

In passing it should be noted that if the parties' belief in the validity and extent of the power granted to and executed by the guardians had not been correct, a mistake of fact and law would have existed which would have justified cancellation of both deeds and repayment of the purchase price. See First National Bank Of Sunbury v. Rockefeller, 333 Pa. 553, 5 A.2d 205 (1939); Norard Hosiery Mills, Inc. v. Orinoko Mills, 416 Pa. 454, 206 A.2d 56 (1965); and Silfies v. Silfies, 17 D. & C. 2d 693 (1958).

The controversy which resulted in this action arose because plaintiffs were unfortunate in their choice of a lender and not because of any fault of the other parties. So the costs of this action should be borne by plaintiffs.

## CONCLUSIONS OF LAW

1. This case involves a question of actual controversy among the parties which is a proper subject for an action for declaratory judgment pursuant to the Declaratory Judgments Act, 42 Pa. C.S. §7531 et seq.

2. The court has jurisdiction of this action by virtue of §931 of the Judicial Code, 42 Pa. C.S. §931, and §711(4), (15) and (16) and §721(2) of the Probate Estates and Fiduciaries Code, 20 Pa. C.S. §711 (4), (15), (16) and §721(2).

3. The court has jurisdiction of the parties.

4. Kasey Lynn Ewing, minor defendant, has been properly represented by Elder C. Ewing, her guardian ad litem appointed by this court.

5. Defendants David R. Ewing and Shelley H. Ewing had a privilege, by reason of their ownership of lot no. 6 in Edgmont, to grant to defendants Randolph A. Weirman and Nancee A. Weirman an unfettered power to sell and convey such real estate and, at the same time, to grant to defendant Kasey Lynn Ewing the remaining interests in the real estate.

6. The deed dated October 1, 1985, of record in Snyder County Record Book 186 at page 361, executed by defendants David R. Ewing and Shelley H. Ewing, contained a valid grant to defendants Randolph A. Weirman and Nancy A. Weirman of a power to sell the real estate described therein.

7. The deed dated October 2, 1985, of record in Snyder County Record Book 186 at page 594, from defendants Randolph A. Weirman and Nancee A. Weirman to plaintiffs, was a valid execution of the power of sale granted to defendants Randolph A. Weirman and Nancee A. Weirman by defendants David R. Ewing and Shelley H. Ewing.

8. The Probate, Estates and Fiduciaries Code did not prohibit but rather expressly and plainly authorized the grant to and execution by defendants Randolph A. Weirman and Nancee A. Weirman of their power to sell and convey defendant Kasey Lynn Ewing's estate and interest in lot no. 6 of Edgmont, the real estate described in the aforementioned

deeds, without the intervention or approval of any court.

9. If the title of defendants David R. Ewing and Shelley H. Ewing to lot no. 6 of Edgmont was good and marketable or insurable fee simple absolute title, as presumably it was, the grant to and execution by defendants Randolph A. Weirman and Nancee A. Weirman of their power of sale passed good and marketable or insurable fee simple absolute title to plaintiffs without the necessity of intervention or approval by any court.

10. Because plaintiffs received all the title they bargained for, the costs of this action should be borne by plaintiffs.

## DECREE NISI

And now this November 18, 1985, it is declared and decreed as follows:

First, that the deed from David R. Ewing and Shelley H. Ewing to Kasey Lynn Ewing, dated October 1, 1985, of record in Snyder County Record Book 186 at page 361, effectively and lawfully appointed Randolph A. Weirman and Nancee A. Weirman guardians of the estate thereby conveyed to Kasey Lynn Ewing and effectively and lawfully granted to Randolph A. Weirman and Nancee A. Weirman absolute and sole authority, discretion and power to sell and convey the real estate described therein without the intervention or approval of any court;

Second, that the deed from Randolph A. Weirman and Nancee A. Weirman, as guardians of the estate of Kasey Lynn Ewing, to Ray E. Bowersox and Karen L. Bowersox, dated October 2, 1985, of record in Snyder County Record Book 186 at page 594 whereby Randolph A. Weirman and Nancee A.

Weirman executed the power of sale granted them by the aforementioned deed, effectively and lawfully conveyed good and marketable or insurable title to the real estate described therein despite the lack of court intervention or approval;

Third, that the costs of this action be paid by plaintiffs;

Fourth, that the prothonotary give all parties or their attorneys immediate notice of the date of filing of the adjudication and this decree nisi; and

Fifth, that unless a post-trial motion is filed within 10 days after notice of adjudication, the prothonotary, upon praecipe of any party, shall enter items first through third hereof as the final decree in this action.