## Vanderpool v. Vanderpool

*Gerald A. Kinchy,* for obligor.
*Michael J. Dowd,* for obligee.

MOTT, *J.,* June 7, 1993—On June 29, 1992, Elizabeth Vanderpool filed a complaint for college support against her father, Richard Vanderpool, the obligor. Pursuant to a court order, Richard Vanderpool attended a support conference at which he agreed to pay $300 per month in college support for his daughter.

The duration of the agreement was limited to two semesters, the fall of 1992 and the spring of 1993. The agreement also provided that: (1) the father was entitled to a copy of his daughter's grades; (2) the daughter was required to maintain at least a C average; (3) the daughter

was required to take a summer job with Masonite, if such a position was available; and (4) the agreement resolved all outstanding support petitions. The agreement was incorporated into an order of court filed July 30, 1992.

Three and one-half months after the Supreme Court of Pennsylvania declared that a parent is not subject to a general duty to provide college support to a child in *Blue v. Blue,* 532 Pa. 521, 616 A.2d 628 (1992), the obligor filed a motion to vacate the court order incorporating the parties' agreement for support.

On May 7, 1993, a hearing was held regarding the motion to vacate. The obligor testified that his wife was subject to $15,000 in inheritance tax liability. He also testified that he felt obligated to sign the support agreement entered into at the support conference.

Sharon Weed, the hearing officer who supervised the support conference, testified that the atmosphere at the conference could not be described as coercive, and that the obligor stated during the negotiations that he was willing to pay $150 per month in college support.

The obligor's motion to vacate is now before this court for disposition.

## DISCUSSION

### *Jurisdiction to Vacate*

Although a court that enters an order of support generally maintains jurisdiction over the matter for the purposes of enforcing, modifying or rescinding the order, see 23 Pa.C.S. §4352(a), the Legislature has chosen to restrict the judiciary's authority to *retroactively* modify support orders. The limitations on a court's power of retroactive modification are set forth in 23 Pa.C.S. §4352(e):

*"No court shall modify or remit any support obligation, on or after the date it is due, except with respect to any period during which there is pending a petition for modification.* If a petition for modification was filed, modification may be applied to the period beginning on the date that notice of such petition was given, either directly or through the appropriate agent, to the obligee or, where the obligee was the petitioner, to the obligor. *However, modification may be applied to an earlier period if the petitioner was precluded from filing a petition for modification by reason of a significant physical or mental disability, misrepresentation of another party or other compelling reason and if the petitioner, when no longer precluded, promptly filed a petition.* In the case of an emancipated child, arrears shall not accrue from and after the date of the emancipation of the child for whose support the payment is made." (emphasis added)

On March 1, 1993, the obligor filed a motion to vacate an order for support. To vacate is "to annul; to set aside; to cancel or *rescind.*" Black's Law Dictionary 1388 (5th ed. 1979). (emphasis added) Vacation is, therefore, synonymous with rescission. Rescission is a form of *retroactive* relief, and constitutes the "unmaking" of an order or contract. *Metropolitan Property and Liability Co. v. Commonwealth,* 97 Pa. Commw. 219, 223, 509 A.2d 1346, 1348 (1986).

Because the obligor seeks to effectuate a modification in his support obligation that pre-dates the filing of his motion to vacate, to invoke this court's jurisdiction he must demonstrate that he was precluded from seeking modification earlier by (1) a significant physical or mental disability; (2) the misrepresentation of another party; or (3) another compelling reason. 23 Pa.C.S. §4352(e); *Cal-*

*loway v. Calloway,* 406 Pa. Super. 454, 594 A.2d 708 (1991).

The obligor has not averred the existence of any physical or mental disability, nor has he established that he failed to seek modification earlier as the result of a misrepresentation by another party. Absent some other *compelling reason* why he was prevented from earlier seeking modification of his support obligation, this court will lack jurisdiction to act on his motion to vacate.

We are unaware of any case law defining what constitutes a compelling reason justifying retroactive modification under 23 Pa.C.S. §4352(e). However, appellate courts have addressed an analogous issue in cases involving the general modification of orders under 42 Pa.C.S. §5505, which provides:

"Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."

Courts have held that once the 30-day appeal period is exhausted, an order may be rescinded only if "extraordinary cause" exists. *Commonwealth v. Dunkin,* 144 Pa. Commw. 261, 601 A.2d 456 (1991). The scope of extraordinary cause is very narrow:

"Only grave and compelling circumstances provide 'extraordinary cause' to justify court intervention after expiration of the appeal period. Such circumstances have customarily entailed an oversight or act by the court, or a failure of the judicial process, which operates to deny the losing party knowledge of entry of final judgment and commencement of the running of the appeal period." *Id.* at 268, 601 A.2d at 459. (citation omitted) See *Klug-*

*man v. Gimbel Brothers Inc.,* 198 Pa. Super. 268, 182 A.2d 223 (1962).

The presence of fraud or other equitable demands may also justify the revival of lapsed jurisdiction over a final order. *Vanleer v. Lerner,* 384 Pa. Super. 558, 559 A.2d 577 (1989); *Dormont Motors Inc. v. Hoerr,* 132 Pa. Super. 567, 1 A.2d 493 (1938).

The rules limiting the authority of a court to rescind or vacate a final order under 42 Pa.C.S. §5505 serve the important interest of finality in litigation. Litigants, attorneys and courts all benefit from relatively definite rules that declare when a legal dispute concludes. This interest in finality and repose is the same rationale reflected in the statutory limitations on jurisdiction over support orders set forth in 23 Pa.C.S. §4352(e).

Because of the ability of each party to support litigation to file for a modification of an order upon a change in circumstances, this area of law is characterized by a comparative lack of finality and repose. Therefore, limitations on a court's authority to rescind a final order in the support context should be *at least* as restrictive as the general limitations set forth in 42 Pa.C.S. §5505. Otherwise, if retroactive modification was available in the absence of truly compelling and exceptional circumstances, support litigation would lack any static qualities at all.

Accordingly, "compelling reason," as employed in 23 Pa.C.S. §4352(e), should be defined at least as narrowly as "extraordinary cause" under 42 Pa.C.S. §5505. To establish a compelling reason under 23 Pa.C.S. §4352(e) for rescission of an appealable order, a litigant must show (1) an act or omission by the court, or a failure of the judicial process, that operated to deny the party knowledge of entry of final judgment and commencement of the running of the appeal period; or (2) fraud; or (3) other equitable demands.

The obligor in this case cannot revive our jurisdiction. The record indicates that the obligor was served with a copy of the court order incorporating the parties' college support agreement. Therefore, the obligor cannot argue that this court or the judicial system erred in a manner that deprived him of notice of final judgment. The obligor has not alleged that the child support agreement he voluntarily entered was the product of fraud. Finally, although the obligor argues that he entered the agreement under the mistaken belief that he was obligated by law to provide college support for his daughter, he cannot claim that equitable considerations warrant revival of this court's jurisdiction. Ignorance or mistake of law cannot be a ground for equitable relief. *Norris v. Crowe,* 206 Pa. 438, 55 A. 1125 (1903).

We conclude, therefore, that none of the facts in this case, including the ruling in *Blue v. Blue,* 532 Pa. 521, 616 A.2d 628 (1992), gives jurisdiction to this court to rescind or vacate a final order for college support. Modification may be available retroactive to the time a petition to modify was filed, but considering the facts of this case, this court lacks the authority to declare its prior order a complete nullity.

## Emrick Exception

The order for support in this case was the result of an agreement between the parties. Because the Pennsylvania Supreme Court specifically excepted such orders from the general rule it pronounced in *Blue,* this support order would be valid and enforceable even if this court did have the requisite jurisdiction for rescission under 23 Pa.C.S. §4352(e).

The *Blue* decision left intact the rule set forth in *Emrick v. Emrick,* 445 Pa. 428, 284 A.2d 682 (1971). In that case, the court rejected a challenge to an agreement for college support that was incorporated into an order of

court. *Id.* An agreement to assume a duty to provide educational support remains enforceable at law. *Trunkwalter v. Trunkwalter,* 421 Pa. Super. 308, 617 A.2d 1308 (1992). The rule in *Blue,* therefore, is not applicable in this case because the support order was the product of an agreement by the obligor and his daughter.

## Consideration

The obligor argues that the agreement in this case is void for lack of consideration. We disagree. Consideration is not always necessary for a promise to be enforceable in Pennsylvania. Under section 1 of the Act of May 13, 1927, P.L. 985, no. 475 (33 P.S. §6), a written promise signed by the promisor and containing an express statement of an intention to be legally bound is valid without consideration.

The agreement of the parties in this case was signed by the obligor and states that he wishes for "the court to enter an order directing the obligor to pay the sum of $300 ... per month." This language clearly indicates that the obligor intended to be legally bound. Therefore, under the above-referenced Act, consideration is not necessary for this agreement to be enforceable.

But even if the statute were inapplicable to the agreement at issue, the obligor still could not prevail with an argument based on want of consideration because there is sufficient consideration in this contract. The obligee promised to maintain a C average, work at Masonite in the summer, and provide the obligor with a copy of her grades. These promises would constitute consideration sufficient to validate this agreement.

## Jurisdiction to Schedule Conference

The obligor also argues that this court lacked jurisdiction to compel his attendance at the support conference where the parties entered into the support agreement. Once

a complaint for support is filed, however, the scheduling of a conference is automatic pursuant to Pa.R.C.P. 1910.5, 1910.11 and 1910.12. The degree of merit in a claim does not affect the court's authority to order such a conference.

## Mutual Mistake of Law

The obligor cites *First National Bank of Sunbury v. Rockefeller,* 333 Pa. 553, 5 A.2d 205 (1939) in support of his argument that the support order should be vacated because it is the product of a mutual mistake of law. The *Rockefeller* case, however, concedes that a contract should not be rescinded when money has been paid under a mistake of law or where the parties cannot be restored to their original positions. *Id.* at 559, 5 A.2d at 207.

In this case, the obligor has paid money for his daughter's support and she has undoubtedly managed her affairs to a significant degree in reliance on their agreement for support. The narrow holding in *Rockefeller* is inapplicable to the instant facts and does not justify rescission of the college support agreement. A mistake of law does not affect a contract's enforceability. *Villani v. Italian Working Men Building & Loan Ass'n,* 129 Pa. Super. 330, 195 A. 476 (1938).

This same rule also defeats the obligor's argument that the statement in the parties' agreement that the obligor will make monthly payments "for and toward the support *due the obligee*" justifies rescission of the agreement. This language merely demonstrates that the parties were operating under a mistaken legal assumption. Such a mistake does not warrant rescission of this court's order. *Id.*

## Duress

The obligor argues that this court's support order should be vacated because the agreement it incorporates was

the product of duress. We disagree. As a matter of fact, we find that the obligor failed to present sufficient convincing evidence at the hearing on May 7, 1993 that the support conference was coercive in nature or that he entered the support agreement under duress. Instead, the evidence supports the conclusion that the obligor and his daughter engaged in negotiations which resulted in an agreement reflecting compromise. Thus, the facts do not support the obligor's legal argument regarding duress.

## Due Process and Equal Protection

The obligor's motion to vacate claims that his constitutional rights to equal protection and due process were violated by the entry of this court's support order. However, the obligor did not brief this argument or pursue it through argument at the hearing. This court is not obliged to research issues and make arguments on behalf of a party who declines to do so. See *Commonwealth v. Albert,* 522 Pa. 331, 334, 561 A.2d 736, 738 (1989).

Accordingly, the court enters the following

## ORDER

And now, June 7, 1993, in accord with the opinion filed this date, the motion to vacate the order for college support payments is denied and dismissed.